IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| OMAR WILLIAMS, <br> Institutional ID No. 2193254 <br><br> Plaintiff, <br><br> v. <br><br> OLIVIA CAUDILLO, *et al.*, <br><br> Defendants. | § § § § § § § § § § § § CIVIL ACTION NO. 5:21-CV-106-BQ |

## REPORT AND RECOMMENDATION

Before the Court is pro se Plaintiff Omar Williams's "Motion for Preliminary Injunction/Temporary Restraining Order." ECF No. 12. In the motion, Williams contends that on October 21, 2021, Defendants Richard Aynes and Olivia Caudillo ordered another inmate to attack Williams, apparently in retaliation for his filing a grievance on October 11, 2020, against Defendant Caudillo. Mot. 2–3, ECF No. 12; Questionnaire 29, ECF No. 11.[1] Williams acknowledges, however, that the inmate merely "threatened [him] with serious physical harm," and Williams was able to thwart the purported attack. Mot. 2–3. Nevertheless, Williams believes he will be subject to further attacks and asks the Court to "issue an order mandating that [he] be housed on a wing [at the Texas Department of Criminal Justice (TDCJ) Preston Smith Unit] that is more protective, such as J, K, or E wings." *Id.* at 3; *see* Suppl. to Mot. 1, ECF No. 13 (describing an alleged attack on another inmate by gang members that took place November 15, 2021). Further, Williams "request[s] that the Court order to review the surveillance footage" from the incident. Mot. 2. After considering Williams's pleadings and applicable law, the Court

---

[1] Page citations to Williams's pleadings refer to the electronic page number assigned by the Court's electronic filing system.

recommends that the motion be **DENIED** without prejudice to Williams's right to request injunctive relief in the future should circumstances change.[2]

## I. Legal Standard

"An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). When a plaintiff requests injunctive relief that would require the court to interfere with the administration of a state jail, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." *Rizzo v. Goode*, 423 U.S. 362, 379 (1976). In assessing whether injunctive relief serves the public interest, jail administrators must be afforded deference in the manner in which they operate the prison. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). An injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)); *see Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) (explaining that "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule").

To secure a preliminary injunction or temporary restraining order (TRO), a movant must demonstrate:

1. A substantial likelihood of success on the merits of his case;
2. A substantial threat of irreparable injury if the injunction is not granted;
3. The threatened injury to the movant outweighs any damage the injunction will cause the non-movant; and

---

[2] Williams has not consented to proceed before a magistrate judge. ECF No. 4. In accordance with the order of transfer and 28 U.S.C. § 636(b), the undersigned enters this Report.

    4. The injunction will not have an adverse effect on the public interest.

*Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418–20 (5th Cir. 2001); *see Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985) (providing that "if the movant does not succeed in carrying its burden on any one of the four prerequisites, a preliminary injunction may not issue"); *Bar J-B Co. v. Tex. Dep't of Transp.*, No. 3:18-cv-0576-M, 2018 WL 2971138, at *1 (N.D. Tex. Mar. 13, 2018) (internal quotation marks and citation omitted) (explaining that a movant must establish the elements of a preliminary injunction to obtain a TRO because "[a] TRO is a highly accelerated and temporary form of preliminary injunctive relief").

In addition, the Prison Litigation Reform Act (PLRA) limits a federal court's authority to issue injunctions concerning prison conditions. The "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Further, courts must "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief." *Id.*

## II. Analysis

Initially, the Court observes that Williams's new allegations are distinct from his pending claims in this action and would be more properly considered in a separate § 1983 action. Although Williams's motion refences two of the same Defendants in this case—Defendants Aynes and Caudillo—along with a purported pattern of similar conduct, the allegations in his motion are based on events that occurred within the past few weeks. Mot. 2–3. That is, Williams attempts to raise factually distinct claims based on a recent, discrete incident. *Id.*

Moreover, Williams has failed to satisfy his burden of producing adequate evidence, through affidavit, verified complaint, or other means, establishing a substantial likelihood of

success on the merits and that the harm to him outweighs the potential harm to Defendants and TDCJ. First, Williams does not plead any facts showing he exhausted his administrative remedies before filing his request for injunctive relief. To the contrary, given that Williams signed and dated his motion a mere two days after the incident of which he complains (a new allegation concerning an alleged October 21, 2021, attack sanctioned by Defendants), the Court finds it unlikely that Williams exhausted TDCJ's two-step grievance process in that time. *See* Mot. 1–2; *Moussazadeh v. Tex. Dep't of Crim. Just.*, 703 F.3d 781, 788 (5th Cir. 2012) (explaining TDCJ's grievance process).

Under the PLRA, a prisoner must exhaust the prison grievance procedure before pursuing relief in federal court. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "[R]equests for injunctive relief are not exempt from the exhaustion requirement, and failure to completely exhaust prior to filing suit cannot be excused." *Muhammad v. Wiles*, 841 F. App'x 681, 685–86 (5th Cir. 2021) (per curiam). Because it appears Williams has not exhausted his administrative remedies, he cannot meet his burden of showing a substantial likelihood of success on the merits. *See id.*; *Gordon v. Parker*, No. 5:17-CV-00194-RWS, 2018 WL 4204347, at *4 (E.D. Tex. Sept. 4, 2018) ("The Magistrate Judge correctly determined [p]laintiff did not overcome his burden of showing a substantial likelihood of success because he did not exhaust his administrative remedies.").

Further, Williams has not shown that the threatened harm to him outweighs the harm the injunctive order might cause TDCJ and Defendants. Williams asks the Court to, inter alia, review the video surveillance and order TDCJ to assign him to a different wing of the Smith Unit. Mot. 3. Williams believes that he "will face imminent danger of further assaults and/or attempted

assaults by gangmembers [sic] recruited by Aynes and Caudillo unless this Court intervenes and issue[s] the requested injunction and/or TRO." Mot. 3; *see* Suppl. to Mot. 1 (averring that "attacks by gangmembers [sic] at the behest of the ranking officers are routine at" the Smith Unit). The relief Williams seeks impermissibly involves the Court in prison administration and institutional security. Where Williams has made only conclusory assertions concerning possible future injury, he fails to adequately demonstrate that this alleged harm overcomes the deference owed to prison administrators. *See Bell*, 441 U.S. at 547–48, 562 (explaining that courts should accord prison administrators "wide-ranging deference" in operating correctional institutions, as they are the experts in maintaining institutional security, and cautioning courts against becoming "enmeshed in the minutiae of prison operations"); *Wilkerson v. Stalder*, 329 F.3d 431, 436 (5th Cir. 2003) ("Prison officials should be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order." (internal quotation marks and citation omitted)); *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971) (per curiam) ("Classification of inmates is a matter of prison administration and management with which federal courts are reluctant to interfere except in extreme circumstances.").

Because Williams has failed to establish at least two of the four elements required for obtaining a TRO or preliminary injunction, the undersigned finds the district judge should deny his motion.

### III. Recommendation

For these reasons, the undersigned recommends that the United States District Court deny Williams's motion. ECF No. 12.

Once this Report and Recommendation has been docketed, the Clerk is **DIRECTED** to refer it to the Honorable Sam R. Cummings, United States District Judge, for final disposition of Williams's motion.

## IV. <u>Right to Object</u>

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated: November 23, 2021.

_____
**D. GORDON BRYANT, JR.**
**UNITED STATES MAGISTRATE JUDGE**