IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| OMAR WILLIAMS, Institutional ID No. 2193254, | § § § § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. 5:21-CV-00106-C |
| OLIVIA CAUDILLO, *et al.*, | § § § | |
| Defendants. | § | |

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. Plaintiff filed objections. The District Court made an independent examination of the record in this case and conducted a de novo review of the relevant portions of the Magistrate Judge's Report and Recommendation. Plaintiff's objections are **OVERRULED**,[1] and the Court **ACCEPTS** and **ADOPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

IT IS THEREFORE ORDERED that

1) Plaintiff's claims against Defendants Richard Aynes, Olivia Caudillo, and Oscar Espino for failure to protect, Plaintiff's claims against Olivia Caudillo for retaliation, and Plaintiff's claims against Defendants Richard Aynes and Olivia Caudillo for deliberate indifference to his serious medical needs will proceed with service of process as follows:

---

[1] Most of Plaintiff's objections are either restatements of arguments made in his amended complaint (as supplemented by his responses to the Magistrate Judge's questionnaire and supplemental questionnaire), arguments thoroughly addressed by the FCR, or conclusory statements insisting that his claims have merit. Indeed, Plaintiff's strongest objection is to the dismissal of his retaliation claim against Defendant Olivia Caudillo—a claim that the Magistrate Judge recommended should proceed to the next stage of litigation. As to the recommended dismissal of his property claims, he acknowledges that this claim arises under state tort law, if at all. But he asks the Court to take supplemental jurisdiction over this claim under 28 U.S.C. § 1367. However, as pointed out by the Magistrate Judge, Plaintiff pleads this claim against other, unnamed inmates with only a conclusory nexus to any existing defendant in this case. The Court declines to accept supplemental jurisdiction.

The Clerk shall transmit to the Attorney General a copy of this Order, together with a copy of Plaintiff's Complaint (Doc. 1), his responses to the Magistrate Judge's questionnaires (Docs. 11, 17), and the Report and Recommendation (Doc. 18). The documents shall be transmitted by email to the appropriate email addresses at the Office of the Attorney General for the State of Texas. *See* Fed. R. Civ. P. 5(b)(2)(E).

Defendants Richard Aynes, Olivia Caudillo, and Oscar Espino shall each file an answer or other responsive pleading to the respective claims mentioned above and as described in the Magistrate Judge's Report and Recommendation within 30 days of the date of service of this Order.

If a Defendant is no longer employed by the Texas Department of Criminal Justice and will not be contacted and represented by the Attorney General's Office, the Assistant Attorney General assigned to this case shall provide the Court with each such Defendant's last known address, UNDER SEAL WITHOUT A MOTION, on or before the date on which the Defendant's answer is otherwise due.

2) All of Plaintiff's other claims are **DISMISSED** with prejudice under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), except Plaintiff's due process claim related to the November 17, 2020 disciplinary charge, which is **DISMISSED** with prejudice until the conditions of *Heck v. Humphrey*, 512 U.S. 477 (1994) are met.

3) There is no just reason for delay in entering a final judgment and final judgment should be entered as to the above-named Defendants and claims pursuant to Federal Rule of Civil Procedure 54(b).

Dated November 14, 2022.

SAM R. CUMMINGS
Senior United States District Judge